IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUAN CARRERO-VASQUEZ, #358107    *
          Plaintiff,
v.                                * CIVIL ACTION NO. RDB-13-1873

ROBERT L. GREEN                   *
          Defendant.
                      *****

## MEMORANDUM OPINION

Pending is self-represented Plaintiff Juan Carrero-Vasquez's ("Plaintiff") Complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). The Complaint solely seeks injunctive relief. Defendants,[1] by their counsel, have filed a Motion to Dismiss for the Failure to State a Claim. (ECF No. 11). Plaintiff has filed an Opposition response. (ECF No. 13). No hearing is needed to resolve the issues presented. *See* Local Rule 106.5 (D. Md. 2011). For reasons to follow, Defendants' dispositive Motion IS GRANTED.

### BACKGROUND

In this Complaint, Plaintiff, a detainee formerly housed at the Montgomery County Correctional Facility ("MCCF"),[2] claims that he was denied adequate hygiene items and the ability to send outgoing legal mail in May and June of 2012; the MCCF law library imposes copy work charges on all prisoners, has inadequate resources, and provided him inadequate time to conduct research; and he was overcharged for certain products and services (batteries and telephone use). (ECF No. 1 at pgs. 5-8). He requests "injunctive/prospective relief to be granted

---

[1] Defendants named are the Warden, Deputy Wardens, and the Supervising Counselor of the Montgomery County Correctional Facility.

[2] On or about March 26, 2014, Plaintiff notified the Court that he was housed at the Worchester County Detention Center. *See Carrero-Vasquez v. Wolfe*, Civil Action No. RDB-13-3267 at ECF No. 13.

and stay {sic] a permanent order to prevent future violations. To enforce officials of MCCF follow their own rules, regulations and procedures." (ECF No.1 at p. 3).

## STANDARD OF REVIEW

### I.   Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations

contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a complaint must be dismissed if it does not allege a "plausible" claim for relief. *Id.* at 678–79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## ANALYSIS

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A suit under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Plaintiff's Allegations**

This Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party, *see Scott v. Harris*, 550 U.S. 372, 378 (2007); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) and liberally construes Plaintiff's pleadings in light of the fact that he is self-represented. *See Gordon v. Leek*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff has raised a number of claims within his Complaint. The allegations shall be addressed *in seriatim*

### A. Adequacy of Hygiene Kits

Plaintiff seemingly complains that while housed at MCCF he received a hygiene kit once a month not twice a week, as previously required by MCCF regulations. He further focuses on the adequacy of the small tubes of toothpaste and toothbrushes provided to him.

### B. Access to Courts

Plaintiff claims that his right of access to the courts was violated when in May, 2013, two outgoing legal letters were returned to him due to insufficient postage. He further complains of the adequacy of the MCCF law library regarding copy work fees, computer research materials, and access time. Next, he alleges that he was denied adequate legal writing materials and was overcharged for outgoing telephone use when he was told he would have to set up a pre-paid account rather than make collect calls.

Defendants argue that Plaintiff has failed to show that his claims constitute a "violation of [his] constitutional right to minimally hygienic and sanitary living conditions while incarcerated [at MCCF]." They further assert that Plaintiff has failed to demonstrate a claim upon which relief may be granted, as Plaintiff has failed to show he suffered any prejudice or harm in the prosecution of his cases. (ECF No. 11). Finally Defendants argue that Plaintiff's claims regarding being "overcharged" for use of the telephone system does not comprise a due process violation. (*Id.*)

In his Opposition, Plaintiff maintains that MCCF hygiene kit provisions violate the strictures of the MCCF handbook regarding dental cleanliness. (ECF No. 13). He further notes that the outgoing mail processes at MCCF caused him to untimely file for review of an Inmate Grievance Office decision in a circuit court and to have difficulty in filing materials in this

4

Court. He asserts that he has satisfied the standard for establishing his right to injunctive relief. (*Id.*)

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). The "case-or-controversy" requirement subsists through all stages of federal judicial proceedings, both trial and appellate. *Id.* Thus, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 117 S.Ct. 1055, 1068 (1997) (internal quotation marks and citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (alterations in original). Where injunctive relief is requested in a prisoner's complaint, it is possible for events occurring subsequent to the filing of the complaint to render the matter moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *see also Slade v. Hampton Roads Regional Jail*, 407 F.3d 243, 248-49 (4th Cir. 2005) (pre-trial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief).

Further, under the law in this circuit, the party seeking a preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to success on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Natural Resources*

*Defense Council, Inc.*, 555 U.S.7, 20-24 (2008); *Real Truth About Obama, Inc. v. Federal Election Com'n,* 575 F. 3d 342, 346-47 (4th Cir. 2009), vacated on other grounds, 558 U.S.1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

The *Winter* standard requires the district court to find that the party seeking the injunction has made a "clear showing" that he is likely to succeed on the merits. *Winter,* 555 U.S. at 22. This standard compels the moving party to show that he is *likely* to prevail: Regardless of the balance of hardships, it is insufficient for the party to show only that "grave or serious questions are presented" in the litigation.. Second, the moving party must make a clear showing that he is likely to be irreparably harmed if preliminary relief is denied.  To meet this test, the party must show more than a mere *possibility* of harm.  Third, the moving party must show that the balance of equities tips in his favor. *Id.* at 20. Fourth, the district court must consider whether grant or denial of the injunction is in the public interest. The court must give "particular regard" to the public consequences of granting a preliminary injunction. *Id.* at 9, 24; *Real Truth,* 575 F.3d at 347. Each requirement must be fulfilled as articulated. *Id.*

Plaintiff is no longer housed at MCCF. His release from MCCF detention moots his claim for injunctive relief. Further, Plaintiff can only speculate that he will succeed on the merits of his case and that he will be subject to immediate and irreparable harm if emergency relief is not granted. There is no demonstration of a due process violation on the part of MCCF staff. Injunctive relief is not warranted.[3]

---

[3]    The undersigned independently observes that during the relevant time Plaintiff filed several cases in this Court and was able to freely prosecute each of those cases. *See Carrero-Vasquez v. WCI, et al.,* Civil Action No. RDB-13-552 (D.Md.); *Carrero-Vasquez v. Shearin, et al.,* Civil Action No. RDB-13-996 (D.Md.); *Carrero-Vasquez v. Montgomery County Correctional Facility,* Civil Action No. RDB-13-2416 (D.Md.); and *Carrero-Vasquez v. Wolfe, et al.,* Civil Action No. RDB-13-3267 (D.Md.). Further, the Court observes that during the same time period, Plaintiff was retried on his criminal offenses

## CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss will be granted. A separate Order follows dismissing this Complaint for injunctive relief.

Date: July 10, 2014

/s/ Richard D. Bennett
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

in the Circuit Court for Montgomery County. He was represented by counsel and in October of 2013, he pled guilty to two counts. Plaintiff was sentenced to a reduced term. *See State v. Carrero-Vasquez*, Case Number 111621C (Montgomery County Circuit Court). Five months later he was transferred to the Worchester County Detention Center. This information seemingly renders a nullity Plaintiff's access-to-courts claims.